Chief Justice Robertson
delivered the opinion of the court.
On a note executed to Ezra Richmond administrator, and to Mary Blain administratrix of James Blain, deceased; and on which, was the following endorsement: “For value received, I assign the within note to Richard Boulware,Nov. 7th, 1829;
E. RICHMOND.”
The obligees brought suit in their own names, and recovered judgment. The obligors pleaded, that E. Richmond was the acting administrator, and had, by his assignment, vested the legal right of action on the note, in R. Bouhvare. But the circuit court sustained a demurrer to that plea. And now, the only question to be decided, is, whether or not, the court erred in its judgment on the demurrer. As the plea is in proper form, the only point to be considered, is, whether, admitting all its allegations to be true, the suit can be maintained in the names of the obligees.
The averment, that the legal title is in Boulware, can be considered, only as a deduction from the endorsement on the note. If, therefore, that endorsement does not show that the right of action is in Boul-ware, tile plea was insufficient.
XIf the note had been given to the intestate, any one of his personal representatives could have transferred the whole legal right to it, by assignment, because any one of them might alone have fully represented him, and disposed of all personal interests which accrued to him in his lifetime.
But the note in this case, having been given to the administrator and administratrix, as the obligees, must be considered, for most purposes, as their individual note. They might sue on it in their individual names; and would (in whatever character they might choose to sue,) be individually liable for costs. Each being an obligee, and therefore, having a legal interest in the note, that legal interest of each, cannot be assigned by one, unless the legal interests of jmpfc *447 obligees in their own right may be assigned by any one of them. The reason and analogus of the law, seem to authorize this conclusion. Jtiut, however may be, as Richmond has treated the note as one in his own right, and assigned it as such, it will be proper to consider it as an ordinary joint obligation to several in their own right. „
o<ie joint ob ligeecannot, by hissole the’whokle gai interest of alltheobli-ir-
jomtVobh'geeg be vested with authority ex-e^^assign" the legalin-Crests of all gées^hías f>gn®ent will at lawfu°nless all'their / names he sob-to Jt*
mentby'one joint obligee, will not an- _ ftYñw 0n Uie obligation in ■ the assignee,
statute of 1798, author-izesan assign-hUownname only when ’ the entire le. gal right haz been legally assigned to him.
*447 , , . . , . It seems to us, that principal'and authority are equally opposed to the idea urged in this case by the counsel for the plaintiffs in error, that one joint obli-gee can, by his sole act, transfer the whole legal interest of all the obligees. One may collect the whole amount of the note and his receipt may be an effectual extinguishment of the obligation. But one cannot possess legal power, without authority from his co-obligees, to assign away their interests, divest them of their legal rights in the note as long as it Ehall remain unpaid, and impose on them the legal responsibilities of assignors. And if there should be an authority, express or implied, for one to assign the legal interests of all the co-obligees, the assignment would be ineffectual at law, unless all their names were subscribed to it. Surely, Mary Blain would not be responsible to Boulware on the contract made with Richmond alone; and by a parity of reason, her legal interest in the note has not been divested,
It is virtually decided in Dougherty vs. Maple (IV Bibb, 557,) that an assignment by one joint obligee will not authorize a suit at law on the obligation, in the name of the assignee. And it is directly decided in Hubbard vs. Prather and Smiley (I Bibb, 180,) and in Bibb vs. Skinner, (II Ib. 57,) that, as an obligation, is an indivisible unit, an assignment of a partial interest in it will not authorise a suit in the name of the assignee, nor in his name jointly, with those of the obligees or any of them.
The statute of 1798, regulating assignments, authorizes an assignee of an assignable obligation to sue in his own name, only when the entire legal right has been legally assigned to him. The fact, that an obligation is joint to several, does not authorise less than all the obligees to assign the entire legal rights of all. In Rosekrans vs. Van Antwerp (IV Johnson’s Repts. *448 227,) it has been decided by the supreme court of New York, that after dissolution, the assignment by one of the obligees in a partnership note, will not au-thorise the assignee to maintain a suit in his own name.
The fact that an obligation is joint, does not authorize less than all the obligees to assign’the entire legal rights of all.
Sanders, for plaintiffs; Monroe, for defendant.
This court did not decide, in Gatewood vs. Lyle, V Mon. as the counsel for the plaintiffs seems to suppose, that one joint obligee could, by his individual assignment, transfer the legal right to the whole obligation. No such decision has ever been made by this court in any case.
The allegation in the plea, that Richmond was the acting administrator, is not material to the point we are now considering. It might indicate, in some remote degree, an implied authority from the admin-istratrix, to assign the note. But, even if such an authority had been expressly averred, the assignment by Richmond alone, would have transferred to the assignee only an equity, which would, then, have been co-extensive with the whole amount of the note, bat which, without an authority, in Richmond, ex-pressor implied, to assign the note, will not exceed one moiety.
As Mrs. Blain is an obligee, and never assigned the note by herself or agent, the suit was properly brought in the names of the obligees, and the demurrer to the plea was, therefore, rightly sustained.
Judgment affirmed.